# COURT OF COMMON PLEAS OF BALTIMORE CITY

Filed December 15, 1894.

STATE OF MARYLAND, USE OF FREDERICK J. DIERKEN.

VS.

CENTRAL RAILWAY COMPANY.

*Adoniram J. Robinson* and *Edward S. Kines* for plaintiff.

*Messrs. Blackistone & Blackistone* for defendant.

PHELPS, J.—

The principles which govern cases of this kind have been so well established by numerous adjudications in all the States of the Union, and especially in this State, that it would be unreasonable to expect at this time of day any situation calling for the establishment of a new principle, or even the new application of an old principle.

Under the state of facts presented in this case, although in some of its features it may be said to vary from other cases of the same type, the typical feature is quite familiar. When this case is reduced to its fundamental facts it appears to be simply a case of a person emerging from behind a car standing upon a track, without looking in the direction of an approaching car upon the other track, by which he is struck, and, unfortunately as in this case, killed. That is the fundamental element in this case that characterizes and assimilates it with the very large class of cases to which I have referred, and in all of which it has been held that the duty incumbent upon a person who comes from behind a car in the manner indicated, or from behind an obstruction of any kind, and undertakes to cross a track upon which cars are moving, is to use his powers of observation, and to satisfy himself, first, that the track is clear enough to warrant an attempt to cross, otherwise, any damage that may accrue is a result he takes the risk of.

The use of certain terms in connection with this subject is very apt to produce a misunderstanding. We have constantly heard used here the words "guilty," "guilty of negligence," "guilty of culpable negligence," conveying the idea, perhaps, to some minds that there is some degree of moral turpitude connected with an act of this description, when there may be nothing of the kind. There was nothing in the conduct of this young man, whose loss is to be so much deplored and sympathized with, that might cause his relations or friends to feel a particle of shame in looking back on his act, or that leaves any stain upon his memory.

We all commit, judging others by myself, acts of contributory negligence at times, however cautious we may be as a general rule. We all know there are times, when, under the impulse of haste, or perhaps, excitement, we board a moving car when it is proceeding at rather too rapid a rate for us to do so with entire safety; or, in our haste to alight to see a friend or make some

point, we, perhaps, may jump from the moving car before we ought to do so; or, moved by the same desire to make a given point in a given time, we may try to "cut out" an approaching car, trusting we may have correctly measured its distance and rate of speed and compared them with our own strength and rapidity, assured that the result will be we will make the point. In all those cases nine hundred and ninety-nine times out of a thousand we may safely accomplish what we diligently attempt, but in the thousandth case something occurs that we didn't anticipate exactly, we may slip in crossing the track, or our footing may not be sufficiently secured in mounting or dismounting the car. However it may be, some slight cause may intervene and disaster result. Now, in all such cases, it is well settled law, and I think we must all admit the justice of it, that whenever a person takes one of those risks, whatever may be the motive, and disaster happens to that person, he, and not somebody else, ought to bear its consequences. That, gentlemen, is the law, and it is common sense.

As I say, there is no reflection to be cast upon this youth for having neglected upon this one occasion a rule of caution, we are informed, he repeatedly observed, for he is said to have been a young man of fifteen or sixteen years of age, habitually cautious, and possessing intelligence above the average, so much so, indeed, that he was looked up to by his companions and associates. There is no reflection, I say, to be cast upon this young man for having, in the excitement of the play, lost sight, for the moment, of caution and committed a slight fault by not turning his attention in the direction of this approaching car and thus seeing its headlight, have avoided the danger, or by being so much absorbed in the game he was playing that his ears failed to catch the sound of the approaching car, which the evidence shows was so sensibly impressed upon those farther away and within the range of its noise. He neither heard it, nor did he see it, because his eyes and his ears were otherwise occupied. We cannot blame him for it criminally. It was a mere inadvertence and not a crime or a sin. As slight faults will do sometimes, it entailed tremendous consequences. But those consequences, gentlemen, the law does not visit upon the defendant in this case.

We have only the evidence of one side, that of the plaintiff, to look at; I am not permitted to look at anything else—and we haven't anything else to look at—and according to that evidence, the evidence of one side only, it may be said the officers and agents of this company were running that car at too rapid a rate, and were deficient in exercising the precaution of sounding the gong, and are, therefore, chargeable with negligence. But the law is settled that where the accident has been proximately caused by the contributory negligence of the plaintiff himself, or the deceased, as in this case, in such case the plaintiff cannot recover.

It follows the second prayer offered on the part of the defendant must be granted. It results from that, gentlemen, your verdict, under the instruction of the Court, must be for the defendant. The first prayer is withdrawn.